OPINION.
Defendant-appellant Daniel D. Nolley entered a plea of no contest to burglary, a second-degree felony in this case. At a hearing regarding the no-contest plea, the trial court informed Nolley that, if he went to prison, he would be subjected to three years of post-release control with certain terms and conditions attached. The court also informed Nolley that he would be subjected to "bad time" if he committed a crime in prison. The court then found Nolley guilty and sentenced him to two years' incarceration.
Nolley now appeals his sentence. In his sole assignment of error, he asserts that the statutes authorizing bad time and post-release control, R.C. 2967.11 and R.C. 2967.28, respectively, are unconstitutional. While we agree with Nolley's argument regarding post-release control, we conclude that his challenge of the bad-time statute is premature.
Regarding bad time, R.C. 2967.11 establishes a system where the parole board may extend a prisoner's sentence if the prisoner commits an act in prison that constitutes a criminal offense. Here, there is no evidence in the record that the bad-time provisions of R.C. 2967.11 have been invoked against Nolley or that bad time will be imposed. Nolley is only challenging thepotential that the provisions will be invoked. Under these circumstances, we hold that Nolley does not have standing to challenge the constitutionality of R.C. 2967.11.[1]
But, regarding the constitutionality of R.C. 2967.28, which provides for post-release control, we conclude that we have jurisdiction to review the issue. Post-release control means that an offender who has been released from prison remains under the supervision of the adult parole authority and is subject to a variety of sanctions.[2] R.C. 2967.28(B) states, "Each sentence to a prison term for * * * a felony of the second degree * * * shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment." Here, Nolley was incarcerated for a second-degree felony, which, under R.C.2967.28(B), means that he is subject to a mandatory period of post-release control.[3] In other words, by virtue of being sentenced to a term of incarceration, Nolley is also obligated to serve a period of post-release control. Because a period of post-release control is mandatory in this case, we hold that enough of a concrete injury has been established that Nolley has standing to challenge of the constitutionality of R.C.2967.28.[4]
Turning to the substance of Nolley's challenge, we follow our recent decision in State v. Duncan,[5] where we held — as have other districts[6] — that R.C. 2967.28 is unconstitutional under the separation-of-powers doctrine and the due-process provisions of the United States and Ohio Constitutions. Because we conclude that R.C. 2967.28 is unconstitutional, we hold that Nolley shall not be subjected to a period of post-release control upon his release from prison. We remand the case for the trial court to correct its sentencing entry to specifically state that Nolley is not subject to post-release control.
Judgment affirmed in part and reversed in part, and causeremanded.
 Doan, P.J., and Winkler, J., concur.
[1] See, e.g., State v. Spikes (1998), 129 Ohio App.3d 142,144-146, 717 N.E.2d 386, 388-389.
[2] See R.C. 2967.28(D)(1).
[3] See R.C. 2967.28(B)(2) (three years).
[4] See Spikes, supra, at 146, 717 N.E.2d at 389, fn. 3.
[5] (Apr. 14, 2000), Hamilton App. No. C-990582, unreported.
[6] See, e.g., Price v. Henry (Mar. 23, 2000), Logan App. No. 8-99-12, unreported; State v. Jones (Sept. 2, 1999), Cuyahoga App. No. 74247, unreported; Woods v. Telb (June 23, 1999), Lucas App. No. L-99-1083, unreported.